**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MELISSA MILLER and DANIEL VAN DYKE, as independent administrators of the Estate of COURTNEY MILLER, deceased, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 25CV10557 |
| vs. | )<br>) (Removed from the Circuit Court<br>) of Will County |
| VILLAGE OF MOKENA, Mokena Police Officers VICTORIA HART, JOSEPH BALLANTINE, RICHARD CRISCIONE, ROBERT HENSCHEL, ANTONIO MAVROGIANNIS, ROBERT MILLER, OWEN PRICE, DARIN MCVICKER, ANDREW LANGAN, and GREGORY SELIN, each individually and as agents of the Village of Mokena, | ) Case No. 25 LA 000769)<br>)<br>) Judge Sharon Johnson Coleman<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

NOW COME the Defendants, by and through their attorneys, MICHAEL D. BERSANI and JASON R. BLUMENTHAL of HERVAS, CONDON & BERSANI, P.C., and submit this memorandum of law in support of their motion to dismiss pursuant to Procedure 12(b)(6).

**INTRODUCTION**

This case involves a fatal car crash between Tyler Hoffman and Scott Hersted. Plaintiffs' daughter, Courtney Miller, was a passenger in Hoffman's car and tragically died in the crash. Plaintiffs filed wrongful death claims in Will County against both Hersted and Hoffman, but they claim here that their effort to seek legal redress against Hersted is frustrated because the Mokena police allegedly concealed and suppressed evidence by failing to conduct an adequate investigation into Hersted's alleged intoxication. Plaintiffs bring federal access-to-court and state law

1

conspiracy and willful and wanton claims against the police officers who investigated the crash, and a state law indemnification claim against the Village of Mokena.

Plaintiffs' access-to-court claim is not plausibly alleged and should be dismissed. There is no right to an adequate or satisfactory police investigation, and their allegations of concealment and suppression are mere conclusions devoid of any factual content that makes this claim plausible. Furthermore, their claim is not ripe for review because they are actively litigating wrongful death claims in state court and therefore, cannot show harm to their right to seek legal redress. The individual officers are alternatively entitled to qualified immunity from suit. Their state law claims should also be dismissed, because they are barred by statutory immunity, are not ripe for review, and otherwise fail to state a plausible claim.

## FACTUAL ALLEGATIONS

On August 15, 2024, at around 10:14 p.m., Courtney Miller was a passenger in a Chevy Camaro operated by her boyfriend Tyler Hoffman, traveling eastbound on Lincoln Highway in Mokena, Illinois (Compl., d/e 1, ¶¶ 20-21). Scott Hersted was operating a 2015 Land Rover LR4 westbound on Lincoln Avenue (Compl., d/e 1, ¶ 22). Hersted attempted a left hand turn onto Owens Road going southbound and collided with the Camaro (Compl., d/e 1, ¶¶ 24-25). Miller died because of the crash, and Hoffmann was injured (Compl., d/e 1, ¶¶ 27-28). Plaintiffs allege that Herstad had consumed alcohol at several bars in the hours leading up to the crash (Compl., d/e 1, ¶¶ 32-35).

The individual Defendant Officers investigated the crash (Compl., d/e 1, ¶ 1). An eyewitness reported that it was not safe for Hersted to turn in front of the Camaro, and Hersted was cited for a failure to yield while turning left in violation of 625 ILCS 5/11-902 (Compl., d/e 1, ¶¶ 37-38). Hersted refused to consent to chemical testing to determine whether he was under the

influence of any intoxicating substances, and he was released from the scene without further investigation (Compl., d/e 1, ¶¶ 39-40). The Officers allegedly decided to suppress Hersted's whereabouts on the night of the incident and did not uncover that he had visited several bars prior to the crash (Compl., d/e 1, ¶ 41). The Officers also allegedly decided not to have Hersted take a field sobriety test, decided not to seek a warrant for a blood draw, decided not to test his intoxication level with a portable breath test, and decided not to seize and investigate his cell phone (Compl., d/e 1, ¶¶ 41-45). The Officers also allegedly turned off their body worn cameras while conversing with each other during the investigation (Compl., d/e 1, ¶ 46).

Plaintiffs filed a wrongful death actions in state court against Hersted and Hoffman (Compl., d/e 1, ¶ 47; *Miller v. Hersted, et al.,* Case No. 2024 LA 837, Amended Complaint, attached hereto as Exhibit A).[1] Plaintiffs alleged that Hersted proximately caused their daughter's death by among other negligent or reckless acts, operated in excess of the speed limit and failed to yield the right of way to oncoming traffic (Ex. A, Count I, ¶ 9). They alleged that Hoffman also proximately caused their daughter's death by, among other things, operating at an excessive speed (Ex. A, Count III, ¶ 9).

Hoffmann filed his own suit for personal injuries against Hersted (*Hoffman v. Hersted, et al.,* Case No. 2025 LA 73, attached as Exhibit B). He alleged that Hersted was drinking and became intoxicated and drove negligently or recklessly (Ex. B, Count I, ¶¶ 9-13, 25). Hoffman also brought dram shop claims against the bars that Hersted drank at (Ex. B, Counts II to VII). Hoffman's suit

---

[1] This Court may take judicial notice of public court documents in reviewing a Rule 12(b)(6) motion to dismiss. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022). This Court may also consider documents referenced in a Plaintiffs' complaint and central to their claim. *Tobin v. McLeod*, 2023 WL 8236897, at *3 (N.D. Ill. Nov. 28, 2023).

has been consolidated with the Plaintiffs' suit, and both are currently pending in state court (Will County Docket, Case Nos. 2024 LA 837 and 2025 LA 73, attached as Exhibit C).

## **PLAINTIFFS' LEGAL CLAIMS AGAINST THE MOKENA DEFENDANTS**

Plaintiffs allege that their wrongful death suit against Hersted has been frustrated by the alleged acts of the Officers (Compl., d/e 1, ¶ 47). According to Plaintiffs, had the Officers conducted a reasonable investigation, they (Plaintiffs) would have been able to definitively state Hersted's blood alcohol concentration (Compl., d/e 1, ¶ 52). Therefore, they conclude that they are left without a remedy (Compl., d/e 1, ¶ 54). They have filed the following identical claims against each individual Officer: (1) state law civil conspiracy; (2) denial of access to the court pursuant to 42 U.S.C. § 1983; and (3) state law willful and wanton conduct (Compl., d/e 1, Counts I through XXX). Plaintiffs have also sued the Village of Mokena for indemnification (Compl., d/e 1, Count XXXI).

## **STANDARD OF REVIEW**

Every complaint must "contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that does not should be dismissed because it "fails to state a claim on which relief may be granted." Fed. R. Civ. Proc. 12(b)(6). A "[p]lausible" claim requires sufficient factual detail to establish that relief is more than merely "possible," in that a court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The reviewing court should accept all well-pleaded facts as true. *Twombly*, 550 U.S. at 556. But this presumption of truth does not apply to legal conclusions masquerading as facts. *Iqbal*, 556 U.S. at 678. Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Ultimately, if a complaint "pleads facts that are 'merely consistent with' a defendant's liability," it fails to cross the "plausibility" threshold and should be dismissed. *Id*. (*quoting Twombly* 550 U.S. at 557).

## **ARGUMENT**

### I. PLAINTIFFS FAIL TO ALLEGE A RIPE AND OTHERWISE PLAUSIBLE ACCESS-TO-COURT CLAIM

Individuals have a constitutional right to seek legal redress for civil wrongs. *Harer v. Casey*, 962 F.3d 299, 306 (7th Cir. 2020) (*citing, Christopher v. Harbury*, 536 U.S. 403, 413-414 (2022)). Relatedly, § 1983 provides a remedy based on police interference with access to court, such as an intentional concealment of the facts during an investigation. *Id.* However, because there is no right to an adequate or full police investigation, the issue is not whether a plaintiff's case would have improved with a better investigation but rather did the police, through their conduct impede the plaintiff's ability to obtain legal redress in the underlying suit. *Id.*

The denial of the right to access courts is categorized into forward-looking and backward-looking claims. *Harer, id.* A forward-looking claim alleges that systemic official action prevents the preparation and filing of a suit at the present time, i.e., denying a prisoner access to law library or refusing to waive filing fees for an indigent plaintiff. *Harbury,* 536 U.S. at 413. A backward-looking claim alleges that the case cannot be tried now no matter what official action happens in the future, i.e., an alleged police coverup that prevents a plaintiff's right to seek redress. *Id.* at 413-414 (*citing, Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984)). "These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have been commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a

5

further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.* at 414.

Here, Plaintiffs have alleged a backward-looking claim. According to the Seventh Circuit, such a claim is "exceedingly narrow." *Harer,* 962 F.3d at 307. Plaintiffs must allege that the individual Defendant Officers "effectively precluded them from obtaining relief on their underlying claims." *Id.* Stated another way, "the issue is whether the alleged police cover-up has rendered [their] already-filed suit ineffective." *Id.* at 308. To state a plausible claim, Plaintiffs must allege (1) a non-frivolous underlying claim, (2) official acts that frustrate the litigation, and (3) a remedy that may be awarded as recompense but is not otherwise available by suit or settlement. *Harer,* 962 F.3d at 308. Defendants do not dispute the first element for purposes of their motion to dismiss but challenge the remaining elements, as discussed below.

Plaintiffs have filed state lawsuits alleging a multitude of statutory and common law violations committed by Hersted and Hoffmann that led to the crash and Courtney's tragic death. Any of the allegations would support relief in their favor. Thus, they have not been deprived of any right to access. *See Vasquez v. Hernandez,* 60 F.3d 325, 329 (7th Cir. 1995) (holding that allegation of officers' alleged conspiracy to cover up shooting involving off duty officers did not deprive plaintiffs of their right to access because they were not prevented from pursuing a tort action against the shooter in state court).

The Seventh Circuit's decision in *Harer* is dispositive. In that case, Samantha Harer died of gunshot wounds that the coroner declared were self-inflicted but that her parents believed were caused by boyfriend, Phil Flores, who was an off-duty police officer. They sued Flores for wrongful death and the Channahon police for denial of access to court based on an allegation that Channahon engaged in a cover up during their investigation of the shooting to protect Flores. In

6

reversing the denial of Channahon's motion to dismiss, the Seventh Circuit held that the alleged conduct by the Channahon police did not yet cause harm to the underlying wrongful death claim because the parents were still actively litigating their claim against Flores. *Harer,* 962 F.3d at 308-309. The Court held that the uncertainty of whether Channahon's alleged misconduct permanently impeded the parents' wrongful death claim "is why an access-to-court claim ordinarily may not proceed at the same time and in the same case as a timely-filed underlying claim; a remedy cannot be ineffective if it is yet to be realized." *Id.* In other words, the Court held that the parents' "backward-looking access-to-court claim is untenable because their underlying tort claims are timely, facially plausible, and still pending … [and] not ripe for judicial review." *Id.* at 310.

Plaintiffs are currently pursuing available remedies in state court against both drivers. This "undermines the argument that an individual lacks access to court." *Harer,* 962 F.3d at 310. Until that litigation plays out and Plaintiffs are foreclosed from recovery, their present access-to-court claim is not ripe for review and should be dismissed.

Even if their claim was ripe for review, it fails under *Iqbal* and *Twombly,* Plaintiffs must plead factual content that holds their story together, not just mere conclusions and labels or rote recitations of a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiffs admit that the Officers didn't know of Hersted's whereabouts prior to the accident (Compl., d/e 1, ¶ 41 – "the Officer Defendants … did not uncover that [Hersted] had visited multiple bars prior to the crash."). Similarly, there is no allegation that the Officers knew or suspected that Hersted was intoxicated or impaired or that they observed signs of intoxication or impairment. The facts as alleged by Plaintiffs do not support reasonable suspicion required to conduct field sobriety tests or probable cause to seek a warrant for chemical testing or a blood draw. Simply put, their allegation that the

Officers intentionally concealed or suppressed Hersted's BAC is a mere conclusion bereft of the factual content necessary to support a plausible claim.

Plaintiffs' allegation that the Officers decided not to test Hersted's BAC notwithstanding their authority to do so under Illinois' implied consent law, 625 ILCS 5/11-501.6 (a), is misleading and does not get them closer to a plausible claim. The implied consent law requires a warning to any motorist involved in a fatal crash that a refusal to consent to testing may result in the suspension of driver's privileges. 625 ILCS 5/11-501.6 (c). The Officers followed this law, and Hersted refused to consent (Compl. d/e 1, ¶ 39). The Officers could not compel testing or a blood draw over Hersted's refusal absent probable cause and a warrant. The mere fact that the Officers decided not to obtain a warrant does not alone reasonably infer an intent to conceal or suppress evidence particularly where there is no factual allegation showing that the Officers knew or even suspected alcohol intoxication or impairment.

Plaintiffs also allege that the Officers suppressed evidence by not seizing Hersted's cell phone and by intentionally manipulating and turning off the body worn cameras while conversing with each other (Compl. d/e 1, ¶ 46). These allegations are simply too vague to support an plausible claim. Plaintiffs fail to allege the specific nature of the information from the cell phone or officer conversations that could plausibly infer intentional concealment. Furthermore, the Illinois body worn camera law only mandates officers to activate their cameras during law enforcement activities and expressly excludes situations where an officer is "only in the presence of another law enforcement officer." *See* 50 ILCS 706/10-10, 10-20 (3). The Officers' deactivation of their cameras, even if true, was lawful and does not plausibly infer concealment of evidence.

Once the above conclusions and vague factual allegations are excised from the analysis of the motion to dismiss, what's left is the allegation that the Officers failed to conduct a reasonable

8

or adequate crash investigation. The Seventh Circuit is clear that there is no such constitutional right. *Rossi v. City of Chicago,* 790 F.3d 720, 735 (7th Cir. 2015).

## II. THE INDIVIDUAL DEFENDANT OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY FROM SUIT

Qualified immunity protects officials who perform discretionary functions in the course of their duties to the extent that their conduct does not violate clearly established rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once this defense is raised, it is the plaintiff's burden to defeat it. *Purvis v. Oest*, 614 F.3d 713, 717 (7th Cir. 2010). The plaintiff bears the burden of showing that (1) his rights were violated; and (2) the constitutional right allegedly violated was clearly established at the time of the challenged conduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

As discussed previously, Plaintiffs have failed to satisfy the first prong of the qualified immunity analysis. Even if they did adequately allege a constitutional violation, the law was not clearly established at the time of the incident. In *Harrell v. Cook*, 169 F.3d 428, 433 (7th Cir. 1999), the Seventh Circuit upheld qualified immunity based on a claim that the police intentionally disposed of key evidence to prevent the plaintiffs from suing a thief who the police were trying to protect. Like the instant case, the evidence allegedly concealed in *Harrell* was not the only evidence of the crime. According to the Seventh Circuit, it was not clearly established that the existing caselaw at the time "would be extended to this kind of case." *Id.* In *Harer,* the Seventh Circuit doubled down on *Horrell* (albeit in *dicta*) and commented that "[i]t remains an open question … whether the Harers can prove that the Channahon defendants violated their clearly established constitutional rights." 962 F.3d at 312. The individual Officers in the present case, therefore, are entitled to qualified immunity.

9

### III. THE ILLINOIS TORT IMMUNITY ACT BARS PLAINTIFFS' STATE LAW CLAIMS

Section 4-102 of the Illinois Tort Immunity Act provides that "[n]either a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals." 745 ILCS 10/4-102. Section 4-102 is "comprehensive in the breadth of its reach, addressing situations where no police protection is provided to the general public and those in which inadequate protection is provided." *DeSmet ex rel. Estate of Hays v. County of Rock Island,* 219 Ill.2d 497, 515. A plaintiff cannot avoid immunity by pleading willful and wanton conduct because section 4-102 immunity is absolute. *DeSmet,* 219 Ill.2d at 507.

Section 4-107 of the Act provides that "[n]either a local public entity nor a public employee is liable for an injury caused by the failure to make an arrest or by releasing a person in custody." 745 ILCS 10/4-107 (West 2020). Like section 4-102, section 4-107 immunity is absolute and does not contain any exception for willful and wanton conduct. *Lacey v. Village of Palatine,* 232 Ill.2d 349, 360 (Ill. 2009); *Prough v. Madison County,* 2013 IL App. (5th) 110146, ¶ 24.

The Illinois Appellate Court's decision in *Rodriguez v. Village of Park Forest*, 2021 IL App (1st) 201269-U provides persuasive authority.[2] In that case, a police officer responded to a traffic accident and allowed plaintiff to leave without adequately investigating his level of intoxication, including failing to perform sobriety or breathalyzer tests. The plaintiff subsequently

---

[2] Pursuant to Rule 23(e), *Rodriguez* is cited for persuasive reasons, and a copy is attached hereto as Exhibit D.

crashed his vehicle and sued the officer for his injuries. The officer asserted immunity under sections 4-102 and 4-107, while the plaintiff argued that liability for willful and wanton enforcement or execution of law under section 2-202 of the Act should apply.[3] The Appellate Court disagreed with plaintiff and held that "even if a public employee was enforcing a law, the absolute immunity afforded by another section will prevail over section 2-202's qualified immunity when the facts fall within the more specific application of another section." *Rodriguez,* at ¶ 19 (*citing, Ries v. City of Chicago*, 242 Ill. 2d 205, 220-21 (2011)). The Court held that section 4-107 applied because the "alleged omissions clearly relate to the failure to arrest Rodriguez for driving under the influence of alcohol—either an arrest itself, investigative procedures that would yield probable cause for such an arrest, or consequences that would follow from a DUI arrest." *Id.* at ¶ 22. The Court also held that section 4-102 applied, reasoning that "had [the officer], through some alternative to an arrest, prevented Rodriguez from driving, he would no longer be "engage[d] in a course of conduct designed to carry out or put into effect any law" within the purview of section 2-202 but, rather, performing a "community caretaking function" to aid Rodriguez and for the benefit of public safety, which Illinois courts have found to be police protection or service covered by section 4-102's absolute immunity." *Id.* at ¶ 26.

The allegations in the present case are remarkedly similar to *Rodriguez.* Both cases involved injuries stemming from allegations that the police failed to investigate a person's intoxication related to a traffic crash. Like *Rodriguez,* Plaintiffs' facts fall squarely within Sections 4-102 and 4-107. *See, also, Andrade v. City of Kankakee,* 2023 IL App (3d) 230035 ¶ 31 (holding

---

[3] Section 2-202 provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202.

that the sheriff's failure to investigate a threatened homicide and search for a suspect fell within the scope of section 4-102 immunity); *Coleman-Napper v. CKEM, Inc.,* 2023 WL 1766278 *6 (S. D. Ill. 2/2/23) (allegation that the failure to investigate whether a person was intoxicated and a failure to arrest and seize his vehicle were covered under sections 4-102 and 4-107).

Plaintiffs also allege that the Officers failed to exercise their legal authority by testing Hersted's intoxication levels pursuant to 625 ILCS 5/11-501.6(a). This allegation is barred by sections 2-103 and 2-205 of the Tort Immunity Act, both of which provide absolute immunity to local public entities and employees, respectively, for failing to enforce any law. *See* 745 ILCS 10/2-103 and 2-205.

Finally, Section 2-201 of the Act provides absolute immunity to public employees in determining policy while exercising discretion. 745 ILCS 10/2-201. Through application of 745 ILCS 10/2-109,[4] the broad discretionary immunity set forth in § 2-201 applies to the entity itself. *Arteman v. Clinton Cmty. Unit Sch. Dist. No. 15*, 198 Ill.2d 475, 484 (2002). According to Plaintiffs, the Officers made affirmative decisions not to test Hersted's BAC. These decisions were unique to the officers' positions, and none were mandated by law. Based on Plaintiffs' allegations, section 2-201 confers absolute immunity. *See Reese v. May,* 955 F. Supp. 869, 875 (N.D. Ill. 1996) (holding that police officers were clearly engaged in discretionary acts unique to their positions relating to decisions made in criminal investigation).

---

[4] Section 2-109 provides that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee when the employee is not liable."

## IV. PLAINTIFFS FAIL TO ALLEGE A PLAUSIBLE WILLFUL AND WANTON CLAIM UNDER ILLINOIS LAW

Should this Court reject Defendants' absolute tort immunity defenses, Plaintiffs' willful and wanton counts should still be dismissed. At the onset, Plaintiffs effectively allege that the officers willfully and wantonly denied them access to court. For the same reasons applicable to the Federal claims, this state law claim is not ripe for review.

Alternatively, there is no independent tort of willful and wanton conduct under Illinois law. *Fletcher v. Bogucki*, 2021 WL 4477968 *7 (N.D. Ill. 9/30/21). Willful and wanton is an aggravated form of negligence. *Id.* Thus, a plaintiff must plausibly allege that the defendant owed a duty of care, that the defendant breached that duty, and that the breach was a proximate cause of the plaintiff's injuries. *Id.* Furthermore, the plaintiff must allege that the defendant exhibited either a deliberate intent to harm or a conscious disregard for the plaintiff's welfare. *Id.*

Plaintiffs allege that the Defendant officers owed a duty under Illinois law to exercise due care in their interactions with them (Plaintiffs) which could cause harm to their property and breached that duty by acting in an intentional, willful and wanton manner for their property rights in their wrongful death claims against Hersted (Compl., d/e 1, ¶¶ 81-82). However, as previously argued, section 4-102 of the Tort Immunity Act codifies the so-called "public duty rule" providing that local governments and its employees owe a duty to provide police protection to the general public, but not to individuals. *Wisnasky v. CSX Transportation, Inc.,* 2020 IL App (5th) 170418, ¶ 41. The Illinois Supreme Court has abolished the public duty rule and held that section 4-102 controls. *Coleman v. E. Joliet Fire Prot. Dist.*, 2016 IL 117952, ¶ 46. As a result, no duty of care is owed.

Furthermore, a willful and wanton claim requires sufficient allegations of fact showing knowledge under the circumstances that certain conduct will likely result in an injury. *Leja v. Cmty. Unit Sch Dist. 300,* 2012 IL App (2d) 120156 ¶ 11. Merely labeling conduct as willful and wanton is not enough. *Id.; Oropeza v. Bd. of Educ.,* 238 Ill. App.3d 399, 403 (1st Dist. 1992). On that point, there is no allegation that any of the Officers knew or suspected that Hersted was intoxicated or impaired. There is no allegation of fact supporting reasonable suspicion for conducting field sobriety tests or probable cause for a warrant for chemical or blood testing. No reasonable inference can be drawn from the allegations that any of the Officers acted intentionally or with a conscious disregard or utter indifferent to Plaintiff's right to pursue a wrongful death case.

## V. PLAINTIFFS FAIL TO ALLEGE A PLAUSIBLE CIVIL CONSPIRACY CLAIM UNDER ILLINOIS LAW

The intracorporate conspiracy doctrine bars Plaintiff's state law conspiracy claim. The doctrine provides that no conspiracy can exist between agents of the same principal. *Pena v. Ortiz,* 521 F. Supp.3d 747, 753 (N.D. 2021). While Illinois law recognizes two exceptions when (1) the employees act out of self-interest rather than in the principal's interest, and (2) when the scope of the act goes beyond the employee's official duties (*id.*), neither exception applies here. *Id.* Here, there is no allegation that the officers were acting out of self-interest, and the allegations of intentional concealment and suppression are mere conclusions lacking in specific factual content to state a plausible claim under *Iqbal* and *Twombly.*

Even if Plaintiffs' Complaint could survive the intracorporate conspiracy doctrine, it still should be dismissed. A state law civil conspiracy claim must be supported by an independent cause of action. *Briscoe v. Village of Vernon Hills,* 2018 WL 1561718 at *3 (N.D. Ill. 3/30/18). If a

plaintiff fails to allege a plausible underlying claim, then the conspiracy claim also fails. *Murphy v. City of Chicago,* 2015 WL 1746554 at *2 (N.D. Ill. 4/15/15). As argued previously, Plaintiffs' claims are not ripe for review and otherwise fail to state a plausible independent cause of action under Illinois law. To state a plausible state law conspiracy claim, the Plaintiffs must allege (1) an agreement between two or more persons; (2) participation in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act caused by one of the parties; and (4) an overt act was done pursuant to and in furtherance of a common scheme. *Moran v. Calumet City,* 54 F.4th 483, 500 (7th Cir. 2022). As to each of these elements, Plaintiffs' Complaint alleges nothing more than broad, unsubstantiated conclusions. Plaintiffs merely conclude that each officer conspired with other "named and unnamed co-conspirators" (Compl., d/e 1, ¶ 56) but allege no actual factual content that holds that story together.

## CONCLUSION

For the reasons stated above, the Defendants respectfully ask that this Court grant their motion to dismiss.

Respectfully submitted,

**/s/Michael D. Bersani**
MICHAEL D. BERSANI, Bar # 06200897
JASON R. BLUMENTHAL, Bar #06332469
Attorneys for Defendants
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774
mbersani@hcbattorneys.com
jblumenthal@hcbattorneys.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MELISSA MILLER and DANIEL VAN DYKE, )<br>as independent administrators of the Estate of )<br>COURTNEY MILLER, deceased, )<br>      Plaintiffs, )<br>  vs. )<br>    )<br>VILLAGE OF MOKENA, Mokena Police Officers )<br>VICTORIA HART, JOSEPH BALLANTINE, )<br>RICHARD CRISCIONE, ROBERT HENSCHEL, )<br>ANTONIO MAVROGIANNIS, ROBERT )<br>MILLER, OWEN PRICE, DARIN MCVICKER, )<br>ANDREW LANGAN, and GREGORY SELIN, )<br>each individually and as agents of the Village )<br>of Mokena, )<br>      Defendants. ) | Case No. 25CV10557<br>(Removed from the Circuit Court<br>of Will County<br>Case No. 25 LA 000769) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I electronically filed the foregoing **Defendants' Memorandum of Law in Support of their Motion to Dismiss Pursuant to Rule 12(B)(6)** with the Clerk of the District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notification to the CM/ECF participants.

TO:    Antonio M. Romanucci
          Colton J. Taylor, Dana Kondos          Howard H. Ankin
          Joshua Levin          Matthew C. Friedman
          Romanucci & Blandin, LLC          Ankin Law Offices LLC
          321 N. Clark St., Ste. 900          10 N. Dearborn St., Ste. 500
          Chicago, IL 60654          Chicago, IL 60602
          aromanucci@rblaw.net          hankin@ankinlaw.com
          jlevin@rblaw.net          mfriedman@ankinlaw.com
          cjohnson@rblaw.net

                                                  **/s/Michael D. Bersani**
                                                  MICHAEL D. BERSANI, Bar #06200897
                                                  JASON R. BLUMENTHAL, Bar #06332469
                                                  Attorneys for Defendants
                                                  HERVAS, CONDON & BERSANI, P.C.
                                                  333 W. Pierce Road, Suite 195
                                                  Itasca, IL 60143-3156
                                                  P: 630-773-4774
                                                  mbersani@hcbattorneys.com
                                                  jblumenthal@hcbattorneys.com